**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEMETRIUS BAILEY,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:24-0049** |
| **v.** | : | **(JUDGE MANNION)** |
| **TONYA HEIST**, *et al.*, | : | |
| **Defendants** | : | |

**MEMORANDUM**

**I.    Background**

Plaintiff, Bailey an inmate confined in the State Correctional Institution, Houtzdale ("SCI-Houtzdale"), Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. The Plaintiff raises claims of denial of access to courts, retaliation, and destruction of legal and personal property. Id.

By Order dated February 15, 2024, Plaintiff's motion to proceed *in forma pauperis* was granted and service of process was issued. (Doc. 7). On March 19, 2024, Defendants filed a motion to reconsider this Court's February 15, 2024 Order granting *in forma pauperis* status to Plaintiff. (Doc. 12).

For the reasons set forth below, the Court will grant Defendants' motion for reconsideration and withdraw Plaintiff's *in forma pauperis* status because he has had three, or more, previous lawsuits which constitute "three strikes"

within the meaning of 28 U.S.C. §1915(g). The Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss the action without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fee.

## II.  <u>Discussion</u>

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); <u>see</u> <u>also</u> Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the

parties or has made an error not of reasoning but of apprehension."
Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996).

In support of their motion for reconsideration, Defendants reference several civil actions recognizing that Plaintiff has filed more than three prior civil actions that were dismissed as malicious, frivolous or failed to state a claim. See Doc. 13 at 2, citing Bailey v. James, 280 A.3d 349 (Table), 2022 WL 1632716, at *5-6 (Pa. Commw. Ct. 2022) (dismissing petition for failure to state a claim); Bailey v. Clark, 2018 WL 654727, at *2 (W.D. Pa. Jan. 9, 2018) (finding Plaintiff is three-striker and denying his IFP application); Bailey v. Meyers, 2009 WL 4062168, at *2 (W.D. Pa. Nov. 23, 2009) (by citing at least three prior case dismissals of prison conditions complaints, *sua sponte* dismissing case pursuant to 28 U.S.C. §1915(g)); Bailey v. Miller, 943 A.2d 1007, 1009-1010, n. 4-9 (Pa. Commw. Ct. 2008) (revoking IFP status citing more than three cases dismissed); Bailey v. Wakefield, 933 A.2d 1081, 1084 (Pa. Commw. Ct. 2007) (affirming county court's denial of IFP application).

This new evidence demonstrates the need for this Court to correct a clear error of fact when it granted Plaintiff's *in forma pauperis* status to proceed with the above captioned action.

Pursuant to 28 U.S.C. §1915(g), a prisoner who has filed three civil actions that were dismissed on the basis that they were frivolous, malicious, or failed to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. Ball v. Famiglio, 726 F.3d 448, 467 (3d Cir. 2013), abrogated in part by Coleman v. Tollefson, 575 U.S. 532 (2015). Prisoners with three strikes who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding *in forma pauperis* and must pay the requisite filing fee in full prior to commencing a new action. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001). Thus, when denying or revoking a prisoner's *in forma pauperis* status because of his or her accrual of three strikes, the court must determine what strikes the prisoner accrued prior to initiating the action immediately before the court. Gibbs v. Ryan, 160 F.3d 160, 162 (3d Cir. 1998). If determined to have three qualifying strikes to their name, then the court must consider whether the prisoner qualifies for the "imminent danger" exception.

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed in forma pauperis under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger exception, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). See Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

In the present matter, Bailey's claims of imminent danger fail to meet that standard. Initially, the Court notes that when Plaintiff filed his complaint on January 11, 2024, he failed to include either the filing fee or an application to proceed *in forma pauperis*. (See Doc. 1). Plaintiff did not file an application

to proceed *in forma pauperis* until February 5, 2024. (Doc. 4). Thus, the Court could not evaluate Plaintiff's application and any threat of imminent serious physical injury until it received the appropriate application. Neither Plaintiff's complaint, nor his application to proceed *in forma pauperis* contained any allegations of imminent danger. On February 15, 2024, Plaintiff notified the Court that he had been transferred to the State Correctional Institution, Houtzdale, Pennsylvania. (Doc. 6). Other courts to have considered this circumstance have determined that any risk of injury at a prison facility is eliminated after the plaintiff is later transferred to another facility.[1]

---

[1] See, e.g., McGore v. Lutz, No. 09-cv-13031, 2009 WL 2488101, at *2 (E.D. Mich., Aug. 11, 2009) ("The events giving rise to Plaintiff's complaint, i.e., the alleged failure to change his cell following a fellow inmate's threats in 2007 and the alleged verbal harassment in 2008, do not pose an imminent danger of serious physical injury, particularly given that Plaintiff has been transferred to another prison. Plaintiff has thus failed to show that he falls within the exception to the three-strikes rule."); Gamble v. Maynard, No. 06-cv-1543, 2008 WL 150364, at *5 (N.D.N.Y. Jan. 14, 2008) ("While plaintiff's complaint intimates that the matter was not an isolated incident [of assault by correctional officers], there is nothing in his complaint, particularly in view of the fact that he is no longer incarcerated at the facility at which the alleged assaults occurred, having since been transferred to the Southport Correctional Facility, to demonstrate that he is in imminent danger of serious physical injury."); Tucker v. McCauley, No. 09-cv-12757, 2010 WL 2884642, at *2 (E.D. Mich. April 9, 2010), report and recommendation adopted in relevant part, rejected in part on other grounds, 2010 WL 2884641 (E.D. Mich. July 20, 2010) ("Shortly after his complaint was filed, Plaintiff was transferred to Oaks Correctional Facility in Manistee, Michigan. Consequently, Plaintiff no longer receives treatment from the Defendants and any danger that the Defendants may have posed to the Plaintiff as a
*(footnote continued on next page)*

More fundamentally however, Plaintiff has failed to allege the imminent nature of "serious physical injury'. Plaintiff's complaint encompasses various allegations of Defendants' retaliatory actions against Plaintiff for filing civil rights actions and grievances against the Defendants. (Doc. 1 at 7-14). These retaliatory acts consisted of confiscation and destruction of legal and personal property, depriving Plaintiff of his single cell status and unlawfully placing Plaintiff in the RHU. Id. Plaintiff claims these transgressions began on February 26, 2021, the date he was transferred to SCI-Camp Hill, and continued until December 6, 2023, when Plaintiff claims that his property was removed from his cell and his typewriter was broken in the process. Id.

Initially, the Court notes that Plaintiff's claims occurred anywhere from one to thirty-six months prior to filing the instant action. Allegation of a past injury that has not recurred does not constitute an "imminent" danger. See Famiglio, 726 F.3d at 468. The only connective thread offered by the Plaintiff is a generalized allegation that all incidents are part of a larger pattern of harassment and retaliation by correctional officers, but such a generalized allegation is insufficient to connect these incidents "into a pattern of threats of serious physical injury that are ongoing." See Abdul–Akbar, 239 F.3d at

---

result of their alleged ongoing interference with doctor's orders no longer exists.")

- 7 -

315 n. 1. Regardless, there are no allegations that Plaintiff suffered or was at the risk of suffering an adverse health consequence or physical injury from the alleged retaliatory acts. As such, the Plaintiff has not alleged sufficient facts, either in the original complaint or in his application to proceed *in forma pauperis*, to establish that he was "under imminent danger of serious physical injury" at the time the complaint was filed. See Abdul–Akbar, 239 F.3d at 312.

After reviewing the allegations contained in the instant Complaint, the Court finds that Plaintiff has not satisfied the imminent danger exception. As our appellate court instructed, the Court may "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." Ball v. Famiglio, 726 F.3d 448, 468 (3d Cir. 2013) (quotations omitted). As the United States Court of Appeals for the Third Circuit has noted, "[a] court need not accept all allegations of injury" or "accept without question the truth of the plaintiff's allegations." Brown v. City of Philadelphia, 331 F. App'x 898, 900 (3d Cir. 2009). "To the contrary, a court may discredit 'factual claims of imminent danger that are 'clearly baseless'." Id. (quoting Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998)).

Thus, the Court will grant Defendants' motion for reconsideration and revoke Plaintiff's *in forma pauperis* status.

### III.   <u>Conclusion</u>

Based on the discussion above, Defendants' motion for reconsideration of this Court's February 15, 2024 Order granting Plaintiff's motion for leave to proceed *in forma pauperis* will be granted and Plaintiff's motion to proceed *in forma pauperis* will be denied in accordance with 28 U.S.C. §1915(g). This action will be dismissed, without prejudice, to Plaintiff refiling it by paying the full statutory and administrative filing fee.

A separate Order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 29, 2024**
24-0049-01